UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| Rena Oliver,<br>　　　Debtor | CASE NO.: 21-12331-amc<br><br>CHAPTER 13 |
| Fay Servicing, LLC as servicer for LSF9 Master Participation Trust,<br>　　　Movant<br>v.<br><br>Rena Oliver<br>Scott F. Waterman- Trustee,<br>　　　Respondents | Judge: Ashely M. Chan<br><br>Hearing Date:<br><br>Objection Deadline: |

**AMENDED ORDER FOR *IN REM* RELIEF**

AND NOW, this __3rd__ day of __February__, 2022, upon the motion of Fay Servicing, LLC as servicer for LSF9 Master Participation Trust (hereafter "Movant") for *in rem* stay relief and after response and hearing, it is

ORDERED AND DECREED that Movant (and any assignee/successor-in-interest) is granted relief from the stay of 11 U.S.C. §362 and for ***In Rem*/Prospective Relief** to proceed with enforcement of all rights Movant has under state and federal law concerning the Property (the "Property"): 500 S. Warminster, Hatboro, PA 19040 up to and including listing the Property for Sheriff's Sale; and it is

FURTHER ORDERED AND DECREED that Movant is granted relief from the stay of 11 U.S.C. §362 to proceed with its Sheriff's Sale after February 17, 2022; and it is

FURTHER ORDERED and DECREED that should Debtor not sell the Property on or before February 17, 2022, for a full payoff to Creditor, the automatic stay under 11 USC §362 shall be fully terminated *in rem* as to the Property as of February 17, 2022.  The Debtor shall be bound by this Order in any conversion of the instant Bankruptcy case and/or in any future bankruptcy filing.  Movant, its successors or assigns, may disregard any future bankruptcy filings made by the Debtor or any other party with respect to the Property, and shall not be required to obtain relief from any automatic stay that would otherwise be imposed.

**BY THE COURT:**

_____

**U.S.B.J**.